**Jed W. Manwaring ISB #3040**
**Christy A. Kaes ISB #4852**
**EVANS KEANE LLP**
**1161 W. River Street, Suite 100**
**P. O. Box 959**
**Boise, Idaho  83701-0959**
**Telephone:  (208) 384-1800**
**Facsimile:   (208) 345-3514**
**E-mail:  jmanwaring@evanskeane.com**
          **ckaes@evanskeane.com**

**Attorneys for Trustee, Noah G. Hillen**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>**FARMERS GRAIN, LLC,**<br><br>     Debtor. | Case No. 17-00450-TLM<br><br>Chapter 7 |
| **NOAH G. HILLEN, Trustee,**<br><br>     Plaintiff,<br><br>vs.<br><br>**GW FARMS LLC,**<br><br>     Defendant. | Adversary Case No. |

## COMPLAINT

Plaintiff, Noah G. Hillen, Trustee ("Plaintiff"), alleges as follows:

1. Jurisdiction in this court arises pursuant to 28 U.S.C. §§ 1334 and 157.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(2).

2. Plaintiff is the duly appointed trustee for the above chapter 7 case.

COMPLAINT - 1

3. Defendant GW Farms, LLC, is a corporation doing business in Canyon County, Idaho, and having its principal place of business at 28058 Locker Road, Parma, Idaho.

4. On April 18, 2017, debtor filed a Voluntary Petition ("Petition") for bankruptcy pursuant to Chapter 11 of the Bankruptcy code.  On August 15, 2017, the Court converted the case to a case to a Chapter 7 liquidation.

5. Defendant received the following payments from the debtor which payments were paid by the debtor's bank within 90 days of the date of the Petition as follows:

| Check No. | Date of Check | Check Amount |
|---|---|---|
| 9213 | 03/03/2017 | $ 83,746.18 |
| 9214 | 03/04/2017 | $ 179,758-66 |

6. Debtor's paymentS (described above) to Defendant were transfers of an interest of the debtor in property:

   a. to or for the benefit of a creditor;

   b. for or on account of an antecedent debt owed by the debtor before such transfer was made;

   c. made while the debtor was insolvent;

   d. made between 90 days and one year before the date of the filing of debtor's petition at the time that the Defendant was an insider; and

   e. enabled Defendant to receive more that it would have received in a chapter 7 liquidation if the transfer had not been made and Defendant received payment of such debt to the extent provided by the Bankruptcy Code.

7. Debtor's payments to Defendant constitute avoidable preferences as pursuant to 11 U.S.C. §§ 547(b) and 550(a).

8. In the course of discovery, Plaintiff may discover other transfers which are avoidable under 11 U.S.C. §§ 544, 547, 548, 549 and/or 550.  Defendant is hereby placed on notice

*COMPLAINT - 2*

that all such transfers may be avoided by the Trustee by a claim that will relate back in time to the date of filing of this Complaint..

WHEREFORE, Plaintiff prays that the transfers to Defendant be avoided, that judgment be entered against Defendant in the amount specified above, and for such other and further relief as is just.

DATED this 18th day of March, 2019.

EVANS KEANE LLP

By ___/s/ Jed W. Manwaring_____
Jed W. Manwaring, Of the Firm
Attorneys for Trustee

COMPLAINT - 3